**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KEVIN MARTINEZ,                          :      Civil No. 1:25-CV-02243

                                                   :

     Petitioner,                              :

                                                   :

     v.                                         :

                                                   :

WARDEN, FCI LEWISBURG,                :

                                                   :

     Respondent.                             :      Judge Jennifer P. Wilson

## MEMORANDUM

Kevin Martinez ("Petitioner") is requesting that the court alter or amend the court's December 5, 2025 order dismissing his 28 U.S.C. § 2241 habeas corpus petition because the court lacked jurisdiction to consider his requested relief under the Second Chance Act. (Doc. 6.) Specifically, Petitioner argues that the court misconstrued the filing and considered a placement challenge instead of a custody-duration claim. (*Id*.) For the reasons set forth below, the court will deny Petitioner's motion.

### PROCEDURAL HISTORY

Petitioner is currently housed in the Federal Correctional Institution in Lewisburg, Pennsylvania ("FCI-Lewisburg") and is serving a federal sentence. (Doc. 1.) In the petition, Petitioner alleged that he was sentenced to 87 months in

1

federal custody in the Western District of New York on October 13, 2020.  (*Id.*, p. 4.)[1]

Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241 on November 24, 2025.  (*Id.*)  Petitioner argued that the Second Chance Act required that he be released to home confinement, citing 18 U.S.C. § 3624(c), and that he is being denied such change in custody status because of his immigration status.  (*Id.*)  The court received payment of the filing fee on December 1, 2025.  (Doc. 3.)  The court screened the petition pursuant to Rule 4 on December 5, 2025 and dismissed the petition finding that the Bureau of Prisons ("BOP") has exclusive discretion to "designate the place of [a] prisoner's imprisonment," pursuant to 18 U.S.C. § 3621(a).  (Doc. 4.)  The court then closed the case.  (Doc. 5.)

On December 19, 2026, Petitioner filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  (Doc. 6.)  The court will now address this pending motion.

### STANDARD

Rule 59(e) is "a device...used to allege legal error," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to correct manifest errors of law or fact or to present newly discovered evidence.  *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).  The scope of a

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### DISCUSSION

Petitioner argues that the court erred by considering his petition as a challenge to custody placement while the petition was actually a challenge to the duration of custody, and a duration of custody claim is squarely within the court's jurisdiction under Section 2241. (Doc. 6.)

Petitioner is mistaken. Home confinement is still within the custody of the BOP. *See* 18 U.S.C. § 3624(c)(2) (stating that the BOP has the authority to place a prisoner in home confinement during a prisoner's term of imprisonment); *see also United States v. Delacruz*, No. 17-77, 2020 WL 3405723, at *4 (M.D. Pa. Jun. 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant–the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so."). Therefore, whether Petitioner was placed in home confinement or within the four walls of a BOP institution, he is still in the custody

of the BOP.  As such, the petition was correctly addressed by the court in

December of 2025 as a custody placement claim.  The court will deny Petitioner's

motion.

### CONCLUSION

For the reasons set forth above, Petitioner's motion to alter or amend

judgment under Fed. R. Civ. P. 59(e) will be denied.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 29, 2026